UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

RAYMOND CLUTTER,                          )
                                          )
          Petitioner,                     )
                                          )        No. 2:16-CV-15-DCR-HAI
v.                                        )
                                          )
JOSEPH MEKO, Warden,                      )        RECOMMENDED DISPOSITION
                                          )
          Respondent.                     )
                                          )

                        ***   ***   ***   ***

     Following a bench trial in Boone Circuit Court in June 2010, Raymond Clutter was found

guilty of murder, evidence-tampering, and being a first-degree felony offender, and was

sentenced to life in prison.  He appealed to the Kentucky Supreme Court, which affirmed his

conviction on April 26, 2012.  *Clutter v. Commonwealth*, 364 S.W.3d 135 (Ky. 2012).  On July

1, 2013, he filed a motion for post-conviction relief under Kentucky Rule of Criminal Procedure

11.42.  The trial court denied relief, and the Kentucky Court of Appeals affirmed the decision on

December 23, 2015.  *Clutter v. Commonwealth*, No. 2014-CA-34-MR, 2015 WL 9413405 (Ky.

Ct. App. Dec. 3, 2015).

     On January 27, 2016, Clutter filed the petition for federal habeas corpus relief that is now

under consideration.[1]  D.E. 1.  Such petitions are subject to a one-year statute of limitations

under 28 U.S.C. § 2244(d).  The limitation period begins to run from the date a petitioner's

judgment becomes final, or from one of three other triggering events not applicable here.  *See id*.

§ 2244(d)(1)(A).  A judgment of conviction becomes final for the purposes of § 2244(d)(1)(A)

---

[1] January 27 is the filing date under the mailbox rule.  *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999)
(citing *Houston v. Lack*, 487 U.S. 266, 270-72 (1988)); D.E. 1 at 15.  Clutter's petition was docketed on February 1,
2016.

when either direct review concludes or the time for seeking such review expires.  *See Linscott v. Rose*, 436 F.3d 587, 591 (6th Cir. 2006).  However, this clock is tolled during the pendency of any "properly filed application for State post-conviction or other collateral review."  28 U.S.C. § 2244(d)(2).

The timeliness of Clutter's petition hinges on the effect of Kentucky Rule of Civil Procedure 76.30(2)(a), which applies to criminal cases through Kentucky Rule of Criminal Procedure 12.05.  Kentucky Rule 76.30(2)(a) states that an opinion of the Kentucky Supreme Court "becomes final on the 21st day after the date of its rendition" unless a petition for rehearing has been filed.  When he filed his federal habeas petition, Clutter believed that the federal habeas clock did not begin to run until the expiration of those 21 days.  D.E. 1 at 13-14.  But, as he now admits, without those 21 days, his petition is time-barred.  D.E. 13 at 7-8.

The governing law on this subject actually solidified while Clutter's motion was pending.  On March 30, 2016, the Warden moved to hold the case in abeyance and delay his resoponse pending the Sixth Circuit's decision in *Giles v. Beckstrom* ("*Giles II*").  D.E. 7.  The Warden explained that the Court of Appeals in *Giles* was "directly considering the question" of whether Kentucky Rule 76.30 affected federal habeas deadline calculations.  *Id*. at 4.  Clutter did not respond to this motion, and the Court held the matter in abeyance pending the *Giles II* decision (D.E. 9), which was published on June 15, 2016.  *Giles v. Beckstrom*, 826 F.3d 321, 322 (6th Cir. 2016).  On August 5, 2016, the Court of Appeals declined to rehear the *Giles II* case *en banc*.  *Giles II*, No. 14-6494, D.E. 30.

In his answer to Clutter's petition, the Warden relies on *Giles II*'s holding:  the 90-day tolling period for filing for federal Supreme Court review begins to run on the date the Kentucky Supreme Court issues its opinion, not 21 days later when the judgment becomes "final" under

Kentucky Rule 76.30. D.E. 11 at 21. Without these 21 days, the Warden argues, Clutter's petition is untimely.

To his credit, Clutter concurs. Clutter admits in his reply brief that "Application of *Giles* . . . would make his petition late by ten (10) days unless equitable tolling principles are applied." D.E. 13 at 8. Indeed, Clutter's petition is time-barred unless the one-year deadline can be equitably tolled.

The relevant dates are as follows. Clutter appealed his conviction to the Kentucky Supreme Court, which issued its opinion on April 26, 2012. The 90-day period for filing a petition for certiorari to the United States Supreme Court began that day. *See Giles II*, 826 F.3d at 324; United States Supreme Court Rule 13.3. The 90-day window expired July 25, 2012, and the 365-day statute of limitations began to run the following day. Fed. R. Civ. P. 6(a)(1)(A). Three-hundred forty days later, Clutter tolled the statute by filing his Rule 11.42 motion on July 1, 2013. That motion was resolved on December 23, 2015, when the Court of Appeals affirmed the trial court's denial of the motion. At this point, Clutter had 25 days left on the clock. Adding 25 days brings us to Sunday, January 17, 2016. Technically, Clutter's petition was due on Monday, January 18, because when the statute of limitations expires on a weekend or holiday, it extends to the next business day. *Bartlik v. U.S. Dep't of Labor*, 62 F.3d 163, 167 (6th Cir. 1995) (*en banc*); *Giles v. Beckstrom* ("*Giles I*"), No. 5:14-CV-85-TBR, 2014 WL 5782571, at *1 n.2 (W.D. Ky. Nov. 6, 2014), *aff'd*, 826 F.3d 321 (6th Cir. 2016); Fed. R. Civ. P. 6(a)(1)(C). Clutter filed his petition on January 27, 2016, nine days past the deadline.

But should those nine days be equitably tolled? Because § 2244(d)(1)'s one-year statute of limitations is not jurisdictional, it is subject to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003). Courts apply this doctrine "sparingly." *Solomon v. United States*,

467 F.3d 928, 933 (6th Cir. 2006). The party seeking to toll the limitations period bears the burden of demonstrating an entitlement to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

A movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The bar to equitable tolling is a high one. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brookes Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

As the Warden points out, erroneously calculating a deadline is not a basis for equitable tolling. D.E. 11 at 23; *Giles II*, 826 F.3d at 325. Nor is ignorance of the law. D.E. 11 at 24; *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). Again, to his credit, Clutter admits as much: "The Petitioner understands that ignorance of the law is not an exceptional circumstance warranting equitable tolling and that mere erroneous calculation of a deadline does not warrant tolling." D.E. 13 at 10.

Instead, Clutter posits that the "extraordinary circumstance" in his case is that *Giles II* "was not in effect when he filed his petition." D.E. 13 at 10. He claims "the law at that time supported the Petitioner's understanding of how the limitations deadline was to be calculated." *Id*. This sounds reasonable at first blush. How can Clutter be penalized if the law unexpectedly changed *after* he researched his case and filed his petition? But, on closer inspection, that is not exactly what happened here. *Giles II* was not a surprise that came out of nowhere.

Prior cases that have considered this question reached the same result as the Court of Appeals in *Giles II*. One example from this District is *Jackson v. Chandler*, No. 6:09-CV-125-GFVT-REW, D.E. 27, 2010 U.S. Dist. LEXIS 146338 (E.D. Ky. Jan. 25, 2010). In a meticulous Recommended Disposition, Magistrate Judge Wier determined that Kentucky Rule 76.30(2) did not affect the federal habeas clock. First, under § 2244(d), the clock starts on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. at 4. That "conclusion" occurs at "the end of United States Supreme Court review, or the end of the time for seeking such review." *Id*. (citing *Wilberger v. Carter*, 35 F. App'x 111, 115 (6th Cir. 2002)). Second, United States Supreme Court Rule 13.3 provides that the 90-day period for seeking review from that Court "runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." *Id*. at 5. Third, Kentucky Rule 76.30 states that a Kentucky Supreme Court opinion "becomes final on the 21st day after the date of its rendition" and that "No mandate shall be required to effectuate the final decision of an appellate court, whether entered by order or by opinion." *Id*.

Reading these rules and statutes together, Magistrate Judge Wier determined that the 90-day federal Supreme Court petitioning period begins to run when the Kentucky Supreme Court renders its opinion, not when the opinion becomes technically "final." Rule 13.3 looks to the "date of the entry" of the order sought to be reviewed. In Kentucky, no mandate is required, and the opinion itself is the only decision "entered" by the Kentucky Supreme Court. *Jackson*, D.E. 27 at 5-6. The 21 days provided by Rule 76.30 corresponds to the time allotted to seek a petition for rehearing under Rule 76.32. *Id*. at 6. Thus, the 90-day Supreme-Court-*certiorari* window begins to run when the Kentucky Supreme Court case is decided, not 21 days later. *Id*. at 6-9.

Magistrate Judge Wier solicited briefing on whether equitable tolling was warranted. *Jackson*, D.E. 27 at 1. He found that:

> Counsel simply followed what she misunderstood to be the rules and made no extraordinary efforts to investigate the issue or file the petition early to be certain it would be timely. Had the rule been confusing to counsel for Petitioner, she should have filed the petition to meet the earliest potential deadline, rather than the last.

*Id*. at 12. Upon *de novo* review, Judge Van Tatenhove found himself "in complete agreement with the Recommended Disposition," and declined to issue a Certificate of Appealability. *Jackson*, D.E. 30 at 3.

In 2014, a decision in the Western District of Kentucky reached the same conclusion. In *Giles I*, 2014 WL 5782571, Magistrate Judge King found untimely a petition whose timeliness hinged on the 21-day finality period. Like the public defender in *Jackson*, petitioner Giles's defense attorney added the 21-day period because that was the routine practice of the Kentucky Department of Public Advocacy. *Id*. at *7. In fact, "present counsel was well aware of the approaching deadline and made intra-departmental inquiries with respect to the calculations. She consulted with the Appeals and Post-Conviction Branches and with co-counsel and the unanimous opinion was that the 21 days are included." *Id*. Although the calculation may have been routine, it was wrong. Furthermore, the Report and Recommendation found that the Department of Public Advocacy (which was also involved in *Jackson*) "either knew or should have known about the *Jackson* decision and adjusted its opinion regarding the deadline calculations accordingly." *Id*. Even so, in the face of ambiguity, "Counsel should have filed the petition to meet the earliest potential deadline, rather than the last." *Id*. at 6.

In adopting Judge King's Recommended Disposition in *Giles I*, District Judge Russell noted that he had already reached the same conclusion in an earlier case, *Gass v. Chandler*, No.

1:05-CV-126-TBR, 2006 WL 1793618, at *6 (W.D. Ky. June 27, 2006) (no Certificate of Appealability). *Giles I*, 2014 WL 5782571, at *2. What makes *Giles I* different from *Jackson* and *Gass* is that the Court issued a Certificate of Appealability. *Id.* at *3, *8. Giles had "given an example of the Supreme Court accepting petitions more than ninety days after the Kentucky Supreme Court rendered judgment." *Id.* at *3. That case was *Owens v. Kentucky*, 556 U.S. 1218 (2009), and its existence rendered the District Court's ruling "at least 'debatable.'" *Giles I*, 2014 WL 5782571, at *3.[2] Magistrate Judge King found *Owens* "unpersuasive because it is as likely to reflect oversight as endorsement of Petitioner's position." *Id.* at *7. Judge Wier had also found *Owens* "unpersuasive for several reasons." *Jackson*, D.E. 27 at 10 n.8. Of course, Judge Russell's decision to issue a Certificate of Appealability is what led to the Sixth Circuit's *Giles II* decision that overshadows this case and compels its result.

Clutter believes he has found three cases from this District that weigh in his favor. D.E. 13 at 9. First, in *Roland v. Motley*, No. 2:05-CV-217-DLB, 2006 WL 2457936, at *3 (E.D. Ky. Aug. 22, 2006), in calculating the statute of limitations, the Court stated: "In this case, the Kentucky Court of Appeals affirmed Petitioner's conviction on October 11, 2002. . . . The stamp on that opinion indicates that it became final on November 26, 2002. . . . That date then commences the one-year limitations period." The Court cited Kentucky Rule 76.30(2)(a)'s finality rule. *Id.* at *3 n.1. But this calculation error was immaterial because the petition in that case was filed over two years too late.

Second, in *Morris v. Chapman*, No. 6:07-CV-401-KKC, 2011 WL 2183783, at *3 & n.5 (E.D. Ky. May 12, 2011), *report and recommendation adopted*, 2011 WL 2183789 (E.D. Ky. June 6, 2011), the undersigned relied on Kentucky Rule 76.30's finality date in calculating a

---

[2] Another possible example is *Baze v. Thompson*, 302 S.W.3d 57, 59 (Ky.), *cert denied*, 562 U.S. 852 (2010), in which the federal Supreme Court denied *certiorari* rather than dismissing the petition as untimely.

petitioner's statute of limitations. But again, that error was immaterial because the petition was filed almost ten months too late.

The same mistake happened in *Loving v. Doom*, No. 1:08-CV-00170-TBR, 2009 WL 2762501, at *2 (W.D. Ky. Aug. 31, 2009). But again, the court's application of Kentucky Rule 76.30(2) was immaterial because the petition was filed "two years and six months" too late. *Id.* at *3. Judge Russell later repudiated this calculation error. *Giles I*, 2014 WL 5782571, at *7.

The important point is that in cases where courts were required to specifically address the effect of Rule 76.30, it was found to have no impact on the federal statute of limitations. *Giles II*, 826 F.3d at 325; *Giles I*, 2014 WL 5782571, at *2; *Jackson*, No. 6:09-CV-125-GFVT, D.E. 27 at 6-10; *Gass*, 2006 WL 1793618, at *6. Clutter, like Giles before him, has not been able to produce any case in which a federal court confronted this question and reached a contrary result. Clutter's suggestion that "the law at that time supported the Petitioner's understanding of how the limitations deadline was to be calculated" is simply not true. D.E. 13 at 10.

The cases discussed above make clear that misapplying Kentucky Rule 76.30's 21-day period is not an extraordinary circumstance that warrants equitable tolling. The courts in *Giles* and *Jackson* considered equitable tolling, and found it inapplicable. *Giles II*, 826 F.3d at 326; *Giles I*, 2014 WL 5782571, at *3 ("This type of miscalculation is insufficient to warrant equitable tolling."); *Jackson*, No. 6:09-CV-125-GFVT, D.E. 27 at 11-13 ("[W]hile the time rules may be esoteric, they are not unclear . . . [this] calculation mistake is regrettable but also highly avoidable"). Although the Court is sympathetic to Clutter's situation regarding the statute of limitations, the equitable considerations are not compelling and the result must be the same.

The undersigned therefore **RECOMMENDS** that Clutter's petition be dismissed as time-barred. The Court has no occasion to consider the merits of his § 2254 petition.

The undersigned further **RECOMMENDS** that no Certificate of Appealability issue. *See* 28 U.S.C. § 2253(c)(2). When a case is dismissed on procedural grounds, a Certificate may only issue if the movant can show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Clutter admits that his petition was untimely, and he has not shown that equitable tolling is warranted. The Sixth Circuit's recent *Giles* decision dictates both outcomes beyond reasonable debate.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 15th day of September, 2016.

Signed By:

*Hanly A. Ingram*

**United States Magistrate Judge**