UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| RAYMOND CLUTTER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 16-15-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JOSEPH MEKO, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of Petitioner Raymond Clutter's motion seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2254. [Record No. 1] The motion was referred to a United States Magistrate Judge for issuance of a report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B). On September 15, 2016, Magistrate Judge Hanly A. Ingram issued a Recommended Disposition in which he concluded that Clutter's claims should be dismissed as time-barred. [Record No. 14] Magistrate Judge Ingram further recommended that a Certificate of Appealability not be issued. [*Id.*]

**I.**

While this Court conducts a *de novo* review of those portions of a magistrate judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to the magistrate judge's findings of fact and recommendations waives the

-1-

right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154−55 (6th Cir. 1986).

Clutter did not file objections to the Report and Recommendation and the time to do so has expired. Nevertheless, the Court has reviewed the record *de novo*. And after fully considering the record, the Court agrees with the Magistrate Judge's analysis and conclusions. As a result, Clutter's motion to vacate his sentence will be denied. The Court declines to issue a Certificate of Appealability on any issue.

**II.**

Following a bench trial, Petitioner Clutter was convicted of murder and tampering with physical evidence. [Record No. 1, p. 1] He was also found to be a persistent felony offender in the first degree. [*Id.*] Clutter was given a life sentence of imprisonment for the murder and a five year sentence for tampering with physical evidence that was enhanced to twenty years due to Clutter's status as a persistent felony offender. [*Id.*] Clutter appealed to the Supreme Court of Kentucky; however, that court affirmed his conviction on April 26, 2012. *Clutter v. Commonwealth*, 364 S.W.3d 135 (Ky. 2012). On July 1, 2013, Clutter filed a motion in Kentucky state court challenging his sentence under RCr 11.42 but the court denied his motion. [Record No. 1, p. 3] The Kentucky Court of Appeals then confirmed the state court's decision on December 23, 2015. *Clutter v. Commonwealth*, No. 2014-CA-34-MR, 2015 WL 9413405 (Ky. App. Dec. 3, 2015).

**III.**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year statute of limitations period for filing a federal habeas petition. 28 U.S.C. § 2244(d)(1). This

period begins to run at the latest of four dates—here, "the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Where, as in the present case, the petitioner does not appeal his conviction to the United States Supreme Court, the judgment in his case becomes final "when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." *Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012).

Under Supreme Court's rules, the period for seeking direct review expires 90 days after the "date of entry of the judgment or order sought to be reviewed . . . ." Sup. Ct. R. 13.3. Under the AEDPA, Clutter's judgment became final on this date, and the statute of limitations period began to run at this time. 28 U.S.C. § 2244(d)(1)(A). The timeliness of Clutter's petition depends on whether the period for seeking direct review in the United States Supreme Court began on the date that the Kentucky Supreme Court entered its opinion affirming Clutter's conviction or 21 days later when the opinion became final under Kentucky law. If the period began on the earlier date, his petition is untimely.[1] However, Kentucky law provides that "[a]n opinion of the [Kentucky] Supreme Court becomes final on the 21st day of its rendition unless a petition under Rule 76.32 has been timely filed or an extension of time has been granted for that purpose." Ky. R. Civ. P. 76.30(a). Conversely, if the period did not begin until the Kentucky Supreme Court opinion became final pursuant to the terms of this rule (i.e., 21 days after it was issued), then the petition is timely.

Clutter's petition is untimely under the Supreme Court's rules because the period in which he could have sought direct review expired 90 days after the Kentucky Supreme Court

---

[1] See the Magistrate Judge's Recommended Disposition for a more detailed discussion of the AEDPA statutory of limitations period in Clutter's case.

entered its opinion affirming his conviction. The rules provide that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of its mandate (or its equivalent under local practice.)." Sup. Ct. Rule 13.3. In a criminal case like this one, the "order sought to be reviewed" is the opinion affirming the conviction. The rule is clear that the period for seeking review in the Supreme Court begins on the date that the Kentucky Supreme Court opinion affirming the conviction is entered.

The rule directly rejects the contrary view that the period for seeking review does not begin until the date on which the Kentucky Supreme Court's opinion became final. It specifies that the period for seeking review does *not* begin to run on the later "issuance date of [the state court's] mandate (or its equivalent under local practice)." Sup. Ct. Rule 13.3. Kentucky courts have recognized that the Rule 76.30 finality provision replaced the issuance of a mandate, and serves the same function. *See Hutson v. Commonwealth*, 215 S.W.3d 708, 713 (Ky. App. 2006). As a result, the finality rule is the "equivalent" of a mandate, and the Supreme Court's rule specifically rejects the argument that the period for seeking direct review would begin to run on the date of finality rather than the date it was entered. Accordingly, the period in which Clutter could have sought direct review began on the date that the Kentucky Supreme Court entered its opinion affirming his conviction, not the date of finality 21 days later, and his petition is untimely.

**IV.**

While Clutter admits that his petition is untimely, he argues that the statute of limitations period should be equitably tolled. Specifically, Clutter argues that his petition was timely under the law as it is existed at the time that he filed, and that it is only untimely now due to a legal principle that was established after he filed his petition. According to Clutter, his petition only became untimely because the Sixth Circuit changed the applicable law in *Giles v. Beckstrom*, 826 F.3d 321 (6th Cir. 2016), when it decided that the period for seeking review began to run on the date that the Kentucky Supreme Court's opinion was entered. Clutter argues that, before this decision, the period for seeking review did not begin until the date of finality as provided by Kentucky law. He contends that it would be unfair to evaluate his petition under the change in the law established by the Sixth Circuit in *Giles*, and that equitable tolling, therefore, is appropriate in his case. However, the Sixth Circuit did not change the law, but instead confirmed the existing state of the law that had been established by the Supreme Court's Rule and by multiple district courts to consider the issue. Accordingly, Clutter's petition is untimely under the law as it existed at the time that he filed his petition and equitable tolling is not warranted.

Equitable tolling is only available to a petitioner if he shows that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). It is an established principle that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.3d 1331, 1335 (6th Cir. 1991). This principle applies equally to petitioners who proceed *pro se* and miscalculate deadlines under applicable law, as "*pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to

excuse [the petitioner's] late filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012).

Clutter's failure to meet the deadline is due to ignorance of the law, not due to a change in the law. As the previous discussion makes clear, *Giles v. Beckstrom* did not change the law. Instead, the time for seeking direct review from the Supreme Court has always been determined by the Court's own rules which were in effect at the time that Clutter filed his petition. The applicable rule unambiguously provides that the period for seeking review begins to run on the date the state supreme court opinion on which review would be sought is entered, not the date on which it becomes final under state rules. Sup. Ct. R. 13.3. Further, multiple district court opinions—which were decided before Clutter filed his petition— examined the interaction between the Supreme Court and Kentucky rules and held that the period for seeking review began on the date the Kentucky Supreme Court opinion was entered. *See Giles v. Beckstrom*, No. 5: 14-CV-00085-TBR, 2014 U.S. Dist. LEXIS 157719 (W.D. Ky. Nov. 5, 2014); *Jackson v. Chandler*, No. 6: 09-CV-125, 2010 U.S. Dist. LEXIS 146338 (E.D. Ky. Jan. 25, 2010); *Gass v. Chandler*, No. 1: 05-CV-00126-TBR, 2006 U.S. Dist. LEXIS 101736 (Jun. 27, 2006).[2] Accordingly, Clutter's petition is not timely under the legal

---

[2] Clutter cites opinions for the proposition that the period for seeking review began on the date of finality under Kentucky law rather than the date the opinion was entered. However, these cases did not *hold* that this was the relevant date, or consider the interaction of the rules in any detail, because the petitions were untimely regardless of which date applied. *See Loving v. Doom*, 1: 08-CV-00171-TBR, 2009 U.S. Dist. LEXIS 77808 (W.D. Ky. Jun. 15, 2009); *Roland v. Motley*, Civil Action No. 05-217-DLB, 2006 U.S. Dist. LEXIS 101747 (E.D. Ky. Aug. 9, 2006). The other case that Clutter cites, *Morris v. Chapman*, No. 6: 07-CV-01-KKC, 2011 U.S. Dist. LEXIS 60579 (E.D. Ky. May 12, 2011) does not consider Sup. Ct. R. 13.3 or Ky. R. Civ. P. 76.30, and, therefore, is not controlling.

principles that were in place at the time that he filed his petition. His late filing amounts to ignorance of the law, which is not a legitimate basis for equitable tolling.

V.

When a petition is dismissed on procedural grounds, the petitioner is only entitled to a Certificate of Appealability if he can demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As an initial matter, Clutter has waived the right to appeal this ruling by failing to object to the Magistrate Judge's Recommended Disposition. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). Additionally, as the Magistrate Judge found, this procedural ruling is not one that reasonable jurists could debate: Clutter's petition is clearly untimely, and he is not entitled to equitable tolling. Consequently, Clutter is not entitled to a Certificate of Appealability.

VI.

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1. Magistrate Judge Hanly A. Ingram's Recommended Disposition [Record No. 14] is **ADOPTED** and **INCORPORATED** herein by reference.

2. Petitioner Raymond Clutter's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Record No. 1] is **DENIED**. This matter is **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

3. A Certificate of Appealability shall not issue with respect to any matter or claim raised in this proceeding.

4. A Judgment in favor of the respondent shall issue this date.

This 6th day of October, 2016.

Signed By:
*Danny C. Reeves* DCR
United States District Judge